IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ECLIPSE AESTHETICS LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. _____ |
| REGENLAB USA LLC. | § § § § | |
| *Defendant.* | § | **JURY TRIAL DEMANDED** |

**COMPLAINT FOR LANHAM ACT VIOLATION**

Plaintiff Eclipse Aesthetics LLC ("Eclipse") by their attorneys, serve and file this Complaint for Lanham Act Violation and Request for Jury Trial, as well as common law trademark infringement and unfair competition under Texas law, complaining of RegenLab USA LLC ("Defendant") and would respectfully show as follows:

**Nature of the Action**

1.  Eclipse and Defendant are successful medical device companies that compete in the area of products for creating "Platelet-Rich Plasma" or "PRP." The Eclipse PRP system provides a physician the means for a safe and rapid preparation of autologous platelet-rich plasma (PRP) from a small sample of blood at the patient point of care. PRP is used as a healing aid and can be applied to a bony defect. Eclipse and Defendant are currently engaged in a state court lawsuit in Dallas County (cause no. DC-14-06990 in the 116th district court) filed by Eclipse to stop Defendant from making false and disparaging statements about the Eclipse PRP product. On information and belief, in apparent retaliation for the state court lawsuit, Defendant

1

COMPLAINT FOR LANHAM ACT VIOLATION

has not only purchased "Eclipse" as a Google Ad Word, but created sponsored advertisements having the highly deceptive heading: "Eclipse PRP – regenlabusa.com." Thus, Defendant uses Eclipse's trademark and not its own trademark to mislead consumers into purchasing the same type of product from Defendant.

## Parties

2. Plaintiff Eclipse is a Limited Liability Company organized and existing under the laws of the State of Texas with a principal place of business in Dallas County, Texas located at 13988 Diplomat Dr., Ste. 180, Dallas, TX 75234-8833.

3. Defendant RegenLab is a foreign Limited Liability Company organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York. Defendant may be served with process by serving its registered agent, Annie B. Florilla Di Santi Croce, Esq., Fox Horan & Camerini LLP, 825 Third Av., 12 Floor, New York, New York, 10022.

## Jurisdiction and Venue

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 as this is a claim for violation of the Lanham Act pursuant to 15 U.S.C. § 1125(a).

5. Defendant is subject to personal jurisdiction within Texas and this judicial district, as on information and belief it sells or offers to sell systems to prepare PRP to physicians within Texas and this judicial district, and Defendant's sponsored Google Ad referenced above is accessible throughout Texas. Venue as to Defendant is thus proper pursuant to 28 U.S.C. §1391(b).

**Factual Background**

6.  Through years of hard work and dedication, Eclipse has become one of America's leading privately-held distributors of aesthetic equipment and cosmetic supplies for use by physicians.

7.  In or around early 2013, RegenLabs SA (the Swiss conglomerate) decided to enter the U.S. marketplace and compete directly with Eclipse. To that end, Defendant RegenLab USA LLC was formed in Delaware and opened a principal place of business in New York.

8.  One of the products that Eclipse sells is a kit for allowing a physician to collect a patient's blood and separate platelet rich plasma (PRP) from the blood, which PRP can then be reinjected into the patient's body to aid the healing process.

9.  The kit sold by Eclipse in interstate commerce since at least as early as June 2013 is called the Eclipse PRP. The Eclipse PRP trademark is a distinctive mark that has become stronger over time with the use of the mark.

10.  Eclipse has invested more than $3,000,000 in advertising, trade shows, and commissions related to the Eclipse PRP product since its introduction. The sales of the Eclipse PRP this year represents about 60% of the market for the PRP kits.

11.  Defendant is competing with Eclipse but is doing so unfairly. Defendant started by making false statements in a massive email campaign about the Eclipse PRP product in an attempt to convince the recipients to purchase its own RegenKit product. Eclipse filed suit in state court making claims of interference with current and prospective business relationships and business disparagement. That suit is pending.

12. On information and belief, Defendant then decided to retaliate against Eclipse by purchasing the Eclipse PRP trademark as an Adword from Google and then using the Eclipse PRP trademark in the text of the sponsored Google advertisement. The trademark is not used in a comparative sense bur rather is used in a way that suggests the link will take the consumer to the website for the Eclipse PRP product.

13. In spite of its prior email campaign disparaging the Eclipse PRP product, Defendant now attempts to associate the RegenKit product with Eclipse. Defendant uses the "Eclipse PRP" trademark as the first word in the advertisement in a manner that is likely to confuse consumers into believing that the advertisement is for the Eclipse PRP product. Nowhere in the Google advertisement does Defendant use the name of its own product.

### Count 1:  Lanham Act § 1125(a) Violation

14. Section 1125(a) prohibits in part, "in connection with any goods or services…, use[] in commerce [of] any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which— (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person…." In violation of this section, Defendant has purchased and continues to purchase the following sponsored Google Ad that appears each time a potential customer searches the term "Eclipse PRP" in the Google search bar (printed November 12, 2015):



15. The foregoing sponsored Google Ad, by using the words "Eclipse – PRP" in the name of the web link to the Defendant's website, adjacent to the term " - regenlabusa.com", is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Eclipse with Defendant in the minds of potential consumers.

16. Eclipse has expended great effort and significant amounts of money in protecting, advertising, promoting, and developing the recognition of its inherently distinctive "Eclipse PRP" trademark, the result being that, long before the acts of Defendant complained of herein, the medical aesthetics industry had come to recognize such mark as a reference to the superior goods and services offered by Eclipse with respect to the Eclipse PRP product. Such public recognition constitutes goodwill of immense value which belongs exclusively to Eclipse.

17. Defendant's above alleged Lanham Act violation is malicious and intentional, and Defendant deliberately committed such malicious and intentional conduct. As a result, Eclipse has suffered great and irreparable harm and is therefore entitled to receive the maximum damages allowable under the Lanham Act from and against Defendant.

18. Defendant will continue to conduct the willful acts of Lanham Act violation, and as a result, Eclipse will continue to suffer great and irreparable harm, unless Defendant is preliminarily and permanently enjoined from committing such acts.

### Count 2: Common Law Trademark Infringement

19. Eclipse repeats and incorporates each of the allegations in paragraphs no. 1-18 as if fully set forth.

20. By virtue of having used and continuing to use its inherently distinctive ECLIPSE PRP mark, Eclipse has acquired common law rights in those marks.

21. Defendant's use of the mark in the sponsored Google Ad link name is identical or confusingly similar to Eclipse's mark.

22. Defendant's use of the mark infringes upon Eclipse's common law rights in its trademark. This use is likely to cause confusion, mistake, or deception among consumers who will believe that Defendant's products and services are affiliated with or endorsed by Eclipse, when they are not, causing damages to Eclipse including monetary loss to its business, reputation, and goodwill, which damages shall continue unless such infringement is enjoined.

### Count 3: Unfair Competition Under Texas Law

23. Eclipse repeats and incorporates each of the allegations in paragraphs no. 1-22 as if fully set forth.

24. Defendant has engaged in commerce in the State of Texas and this judicial district by marketing, offering to sell, and selling their competing products at least through the above-referenced sponsored Google ad. Defendant has competed unfairly in violation of Texas law by misrepresenting or leading the public to believe that its goods are sponsored by, approved by, affiliated with, or associated with Eclipse causing damages to Eclipse including monetary loss to its business, reputation, and goodwill, which damages shall continue unless such unfair competition is enjoined.

### Demand for Jury Trial

Eclipse demands a jury trial on all issues so triable.

### Prayer

Plaintiff Eclipse prays that, after trial, this Court enter judgment against Defendant RegenLab as follows:

(a) An entry of final judgment in favor of Plaintiff and against Defendant;

(b) The maximum damages allowable under the Lanham Act, 15 U.S.C. §1051 et seq., including §1117, and including but not limited to treble damages and prejudgment interest, as well as damages available at common law;

(c) A preliminary injunction and a permanent injunction permanently prohibiting Defendant and all persons in active concert or participation with any of them from further acts in violation of the Lanham Act;

(d) Awarding Plaintiff its costs and expenses of this litigation, including reasonable attorneys' fees and disbursements, pursuant to 15 U.S.C. § 1117(a) on the basis that this case is exceptional due to the conduct of Defendant; and

(e) Plaintiff have such other and further relief as the Court deems just and proper.

Dated: November 19, 2015

Respectfully submitted,

/s/Vincent J. Allen
Vincent J. Allen
Texas Bar No. 24012209
Theodore G. Baroody
Texas Bar No. 01797550
Carstens & Cahoon, LLP
13760 Noel Rd., Suite 900
Dallas, TX 75240
Telephone: 972-367-2001
allen@cclaw.com
baroody@cclaw.com

*Attorneys for Plaintiff Eclipse Aesthetics LLC*

8

COMPLAINT FOR LANHAM ACT VIOLATION