IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ECLIPSE AESTHETICS LLC, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § Civil Action No. 3:15-cv-03748-M |
| REGENLAB USA, LLC, | § |
| EDWARD VON HORNSTEIN, | § |
| Individually, and | § |
| REGENLAB SA, | § |
| | § |
| Defendants. | § |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant RegenLab SA's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket Entry #37]. For the reasons set forth below, the Motion to Dismiss is **denied**.

**I.   BACKGROUND**

The following facts are taken from Plaintiff's First Amended Complaint for Lanham Act Violation ("Complaint") [Docket Entry #28].[1] Plaintiff Eclipse Aesthetics LLC, a Texas limited liability company, is a privately-held distributor of aesthetic equipment and cosmetic supplies for use by physicians. Since June 2013, Plaintiff has been selling the Eclipse PRP, a kit that allows a physician to collect a patient's blood and separate platelet rich plasma (PRP), which can then be reinjected into the patient's body to aid in the healing process. Eclipse PRP is a distinctive mark that has become stronger over time with its continued use.

---

[1] In its recitation of the facts, the Court accepts all well-pleaded facts in the Complaint as true, and views them in the light most favorable to Plaintiff. *See Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

1

Defendant RegenLab USA, LLC ("RegenLab USA") is a Delaware limited liability company with its principal place of business in New York, and is Plaintiff's direct competitor in the medical device business. Defendant RegenLab SA ("RegenLab SA") is a Swiss company with a regional office in New York. Defendant Edward von Hornstein is an employee of both RegenLab USA and RegenLab SA. Although there are several Defendants, the instant Motion to Dismiss is brought by Defendant RegenLab SA, and seeks dismissal of the contributory infringement claim brought against it.

In early 2013, RegenLab SA formed RegenLab USA to compete directly with Plaintiff, its former distributor, in the United States. On July 7, 2014, Plaintiff filed a lawsuit in Texas state court against RegenLab USA for tortious interference and business disparagement in connection with RegenLab USA's alleged unfair competition with Plaintiff.[2] Plaintiff alleges that, in retaliation for its decision to file the state court action, RegenLab USA began using the Eclipse PRP mark in commerce without Plaintiff's consent. Specifically, Plaintiff alleges that RegenLab USA, through its employee von Hornstein, purchased the Eclipse PRP mark as an Adword from Google, and then used its competitor's mark in the text of a sponsored Google advertisement (the "Sponsored Google Ad") in a way that suggested the link would take the consumer to the Eclipse website. Instead of linking the consumer to Eclipse's website, however, Eclipse customers and potential customers who searched for Eclipse PRP in the Google search bar were misdirected to RegenLab USA's website. Plaintiff alleges the use of the words "Eclipse PRP" in the name of the web link leading to RegenLab USA's website, and the

---

[2] After Plaintiff amended its petition to add RegenLab SA, von Hornstein, and other individuals as parties, Defendants removed the state court action to federal court, where it was reassigned to this Court. *See Eclipse Aesthetics LLC v. RegenLab USA, LLC, et al.*, Civil Action No. 3-16-cv-01448-M. Pending in the removed case are Plaintiff's Motion to Remand and Defendants' Motion to Consolidate.

appearance of the mark adjacent to the term "regenlabusa.com" in the Google Sponsored Ad, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Eclipse with Defendant RegenLab USA in the minds of potential consumers.

Plaintiff alleges causes of action against RegenLab USA for direct trademark infringement, common law trademark infringement, and unfair competition under Texas law.[3] In addition, Plaintiff alleges a cause of action against RegenLab SA for contributory trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). RegenLab SA moves to dismiss the contributory infringement claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). The "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]"

---

[3] At the inception of this lawsuit, Plaintiff filed a motion for preliminary injunction seeking to enjoin RegenLab USA from disseminating the Sponsored Google Ad. Following RegenLab USA's voluntary suspension of the Sponsored Google Ad, and pursuant to the parties' agreement, the Court entered a preliminary injunction enjoining RegenLab USA from running the Sponsored Google Ad, as well as any similar Google Ad that would place any form of the word "Eclipse" in a hyperlink to the www.regenlabusa.com website. *See* Agreed Order for Preliminary Injunction (Docket Entry #25).

*Twombly*, 550 U.S. at 555 (internal citations omitted).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it does require more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Further, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In ruling on a motion to dismiss under Rule 12(b)(6), the Court generally cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). If documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims, but not attached, a defendant can attach them to a motion to dismiss and they will be considered. *Id.*

### III.   ANALYSIS

#### A.   Contributory Trademark Infringement

Plaintiff contends that RegenLab SA is liable for contributory trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because it knew or should have known of RegenLab USA's alleged unlawful use of the Sponsored Google Ad but permitted the violation to continue.

The Lanham Act identifies several forms of conduct that constitute actionable trademark infringement. *See* 15 U.S.C. §§ 1114(1)(a) & 1125(a). The Supreme Court has determined that liability for trademark infringement can extend "beyond those who actually mislabel goods with

4

the mark of another." *Inwood Labs., Inc. v. Ives Labs., Inc.,* 456 U.S. 844, 853 (1982).  In *Inwood*, a drug manufacturer sold generic versions of a certain brand-name drug in identically colored pill capsules, with the knowledge that pharmacists would place the pills in brand-name packaging. There, the Supreme Court explained:

> Even if a manufacturer does not directly control others in the chain of distribution, it can be held responsible for their infringing acts under certain circumstances.  Thus, if a manufacturer or distributor intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the manufacturer or distributor is contributorially responsible for any harm done as a result of the deceit.

*Id.* at 853–54; *see also Rolex Watch USA, Inc. v. Meece*, 158 F.3d 816, 828-29 (5th Cir. 1998) (applying *Inwood* and finding district court did not commit clear error in rejecting claim of contributory trademark infringement where evidence failed to demonstrate that defendant knew or should have known of the alleged infringing conduct).  The doctrine of contributory trademark infringement has been extended from the factual context in which it first arose into other settings, including where the accused contributory infringer provides services rather than manufacturing goods.  *See Tiffany, Inc. v. eBay Inc.*, 600 F.3d 93, 104 (2d Cir. 2010) (applying *Inwood* in case where defendant eBay was the operator of an on-line marketplace, and affirming district court's holding that eBay was not liable for contributory trademark infringement with respect to counterfeit Tiffany goods sold by others on eBay since it did not know or have reason to know of the infringement).  More recently, the Tenth Circuit has extended the doctrine of contributory trademark infringement and the holding in *Inwood* to a factual setting more analogous to that presented here.  *See 1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229 (10th Cir. 2013).  In *1-800 Contacts*, the plaintiff "discovered that Lens.com [and affiliates] had

purchased sponsored advertisements from Google, and other search engines, for Plaintiff's Marks to trigger advertising and/or a link to the Lens.com Websites." *Id.* at 1237. Although it affirmed the district court's decision to grant summary judgment in favor of Lens.com on direct trademark infringement claims, the Tenth Circuit applied the *Inwood* test concerning contributory infringement, and found that a rational juror could have found that Lens.com knew that at least one of its affiliates was using the plaintiff's mark in the web advertisements, but did not make reasonable efforts to stop the practice. *Id.* at 1252.[4]

### B.     RegenLab SA's Motion to Dismiss

RegenLab SA moves to dismiss the contributory trademark infringement claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). RegenLab SA argues that it did not know or have reason to know of the alleged direct trademark infringement by RegenLab USA, and it did not continue or authorize the continuance of the dissemination of the Sponsored Google Ad after learning about the alleged infringement.

In support of its Motion, RegenLab SA relies on the Declaration of Max Kunz, its Chief Financial Officer, to argue that "[c]ontrary to Plaintiff's baseless allegations, [it] played no role or any part whatsoever, in the creation, development, approval, and/or dissemination of the Sponsored Google Ad." Def.'s Br. 10 [Docket Entry #38]. Again relying on Kunz's Declaration, RegenLab SA contends that it "did not exercise any control over or counsel RegenLab USA LLC with respect to the Sponsored Google Ad nor was [it] aware of the [Ad] until [it] received a copy of the complaint in this action." *Id.* RegenLab SA also relies on the

---

[4] The Tenth Circuit remanded the contributory trademark infringement claim to the district court, finding genuine issues of material fact remained regarding whether Lens.com had taken sufficient action to preclude the affiliate from including its competitor's mark in the copy. *1-800 Contacts*, 722 F.3d at 1257.

deposition testimony of von Hornstein to argue that the "Sponsored Google Ad was generated by Edward von Hornstein acting on behalf of RegenLab USA LLC and not RegenLab SA." *Id.*

In response, Plaintiff argues that the Court should ignore the "self-serving declarations and related deposition testimony referenced in RegenLab SA's Motion to Dismiss as such are irrelevant to the standard applicable to determine a motion pursuant to Fed. R. Civ. P. 12(b)(6)." Pl.'s Resp. 2 [Docket Entry 40]. The Court agrees.

In ruling on a motion to dismiss under Rule 12(b)(6), the Court generally cannot look beyond the pleadings. *Spivey*, 197 F.3d at 774. The pleadings include the complaint and any documents attached to it. *Collins*, 224 F.3d at 498–99; *see also Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (documents are "considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claims."). If documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims, but not attached, a defendant can attach them to a motion to dismiss and they will be considered. *Collins*, 224 F.3d at 498–99.

The Declaration of Max Kunz and von Hornstein's deposition testimony were not attached to, referred to, cited in, or central to the Complaint. Thus, the declarations and deposition testimony cannot properly be considered by the Court in ruling on RegenLab SA's Motion to Dismiss. In addition to relying on documents outside the pleadings, RegenLab SA's argument fails to take into account that on a motion to dismiss, the Court must accept all well-pleaded facts in the Complaint as true, and view them in the light most favorable to Plaintiff. *See Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

In further response to the Motion to Dismiss, Plaintiff contends that it "has properly plead a claim for contributory trademark infringement against RegenLab SA, located in Switzerland, based on RegenLab SA's alleged conduct in assisting its U.S. subsidiary, RegenLab USA LLC, in misdirecting web searches [and based on] the subsidiary's admitted activities involving a Google advertisement that used the Eclipse name in a hyperlink to the RegenLab USA website which is maintained in Switzerland." Pl.'s Resp. 1 [Docket Entry #40].

In the Complaint, Plaintiff alleges as follows:

> [RegenLab SA] is subject to liability for contributory infringement under Section 1125(a) on the basis that, on information and belief, the RegenLab USA LLC website is registered to [RegenLab SA], and is administered by [RegenLab SA] from a location in Switzerland, Mr. von Hornstein reports to senior executives of [RegenLab SA], and [RegenLab SA] *knew or should have known of the infringing Google Ad prior to the filing of this lawsuit, and failed to stop the infringing conduct*.

Compl. ¶ 17 (emphasis added). Based on these allegations, the Court concludes that Plaintiff has stated a plausible claim for contributory trademark infringement against RegenLab SA. *See Inwood.,* 456 U.S. at 853-54; *1-800 Contacts*, 722 F.3d at 1252. When viewed in the light most favorable to Plaintiff, the allegations in paragraph 17 give rise to a plausible inference that RegenLaw SA knowingly contributed to RegenLab USA's alleged trademark infringement and failed to stop the infringing conduct, or should have known of the infringing conduct and failed to stop the infringing conduct. These allegations suffice for the purposes of the present Motion to Dismiss. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Accordingly, Defendant RegenLab SA's Motion to Dismiss Plaintiff's contributory infringement claim is **denied.**

## IV. CONCLUSION

For the reasons stated above, Defendant RegenLab SA's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) is hereby **DENIED**.

**SO ORDERED.**

**August 10, 2016.**

_____
BARBARA M. G. LYNN
CHIEF JUDGE